UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HYPOWER, INC.,

    Plaintiff,

v.

SUNLINK CORPORATION,

    Defendant.

Case No. 14-cv-00740-TEH

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

This matter came before the Court on April 14, 2014, on the motion of Defendant Sunlink Corporation ("SunLink") to dismiss, or, in the alternative, transfer to the United States District Court for the Southern District of Florida Plaintiff Hypower Inc.'s ("Hypower") Petition to Vacate Arbitration Award ("Petition to Vacate"). After carefully considering the written and oral arguments of the parties, the Court GRANTS SunLink's motion to TRANSFER the Petition to Vacate under the "first-to-file" rule for the reasons discussed below.

**BACKGROUND**

The instant motion arises out of a Petition to Vacate an arbitration award filed by Hypower in this Court on February 18, 2014, although the history of the dispute between the parties is significantly older. A brief summary of the facts and procedural history follows.[1] The underlying dispute relates to SunLink's alleged breach of contract and tort

---

[1] The following is drawn from the Notice of Removal and Order Compelling Arbitration and Staying Action in *Hypower, Inc. v. Sunlink Corporation*, No. 12-cv-61119-CIV-ZLOCH (S.D. Fla. filed Jun. 6, 2012). These documents are attached as Exhibits G and I, respectively, to Hypower's Petition to Vacate. *See* Docket No. 1. These court filings and

1    claims stemming from the design and construction of a roof-top solar power facility in
2    New Jersey.  On November 18, 2011, SunLink filed a demand for arbitration with the
3    American Arbitration Association ("AAA"), asserting causes of action arising out of the
4    contracts executed between the parties.  Thereafter, on May 4, 2012, Hypower filed suit in
5    the 17th Judicial Circuit Court in Broward County, Florida.  SunLink timely removed the
6    case to the United States District Court for the Southern District of Florida ("Southern
7    District of Florida") on June 6, 2012, invoking that court's diversity jurisdiction.  *See*
8    *Hypower, Inc. v. Sunlink Corporation*, No. 12-cv-61119-CIV-ZLOCH, Docket No. 1 (S.D.
9    Fla. Jun. 6, 2012) (the "Florida Case" or "Florida court").  Hypower is a Florida
10   corporation with its principal place of business in Broward County, Florida, and SunLink
11   is a Delaware corporation with its principal place of business in San Rafael, California.

12         SunLink thereafter moved to stay the Florida Case and compel arbitration pursuant
13   to the Federal Arbitration Act, 9 U.S.C. § 4, which the Florida court granted on March 13,
14   2013.  In determining which arbitration provision in the various agreements controlled, the
15   Florida court found that the applicable dispute resolution provision required any dispute be
16   resolved in "binding arbitration," administered by the AAA under its "Commercial
17   Arbitration Rules," that the location of the arbitration will be in San Francisco, California,
18   and that "any judgment on the award rendered by the arbitrator(s) may be entered in any
19   court of competent jurisdiction."  Florida Case, Order Compelling Arbitration and Staying
20   Action, Docket No. 30 at 3, 5.  The Florida court compelled arbitration before the AAA in
21   San Francisco, stayed the Florida Case pending resolution of the arbitration, and directed
22   the parties to "notify the Court immediately upon any settlement" or "upon resolution of
23   arbitration."  *Id*. at 12.

24         On January 30, 2014, a panel of AAA arbitrators in San Francisco resolved the
25   matter in favor of SunLink, and awarded SunLink certain damages, attorneys' fees and

---

27   orders are judicially noticeable because they have a direct relation to the matters at issue.
28   Fed. R. Evid. 201; *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

1   costs, and administrative fees and expenses (the "Arbitration Award").[2]  On February 6,
2   2014, SunLink notified the Florida court of the arbitration award, petitioned that court to
3   confirm it pursuant to 9 U.S.C. section 9, and sought entry of final judgment.  Florida
4   Case, Docket No. 31.  On February 18, 2014, Hypower filed the Petition to Vacate in this
5   Court.  On February 20, 2014, Hypower moved the Florida court to transfer that case to the
6   Northern District of California, or, in the alternative, to stay the case pending this Court's
7   resolution of the Petition to Vacate.  On March 7, 2014, SunLink moved this Court to
8   dismiss the Petition to Vacate or transfer it to the Southern District of Florida under the
9   first-to-file rule.  The Court heard argument on the instant motion on April 14, 2014.

**LEGAL STANDARD**

The "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  This rule "promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims, and 'thus should not be disregarded lightly.'"  *Meru Networks, Inc. v. Extricom, Ltd.*, No. C-10-02021 RMW, 2010 WL 3464315, at *1 (N.D. Cal. Aug. 31, 2010) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).  At the same time, it is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration."  *Pacesetter*, 678 F.2d at 95.  Thus, the Ninth Circuit has recognized exceptions to the first-to-file rule under various circumstances, such as bad faith, anticipatory suit, and forum shopping.  *Alltrade*, 946 F.2d at 628.  Thus, in these situations, a court "can, in the exercise of [its] discretion, dispense with the first-filed principle for reasons of equity."  *Id*.

---

[2] *See SunLink Corporation v. Hypower Inc.*, AAA Case No. 74 158 J 00647 11 VIAM.

**DISCUSSION**

SunLink moves to dismiss, or in the alternative, transfer Hypower's Petition to Vacate the arbitration award rendered by the AAA to the Southern District of Florida. SunLink argues this relief is justified by the first-to-file rule because the Florida court stayed the underlying action pending the arbitration that it compelled, and retained jurisdiction by requiring the parties to notify the Court upon settlement or resolution of arbitration. Hypower contends that, in light of *Atlantic Marine Construction Company, Inc. v. United States District Court for Western District of Texas, et al.* ("*Atlantic Marine*"), 134 S. Ct. 568 (2013), dismissal is inappropriate because of the existence of a forum-selection clause, and that transfer under 28 U.S.C. § 1404(a) should be denied because the Northern District of California is a more appropriate forum. As explained below, this Court finds that federal comity militates in favor of transferring the Petition to Vacate to the Southern District of Florida under the first-to-file rule.

**I.     The Florida Case Is the First-Filed Action Under the First-to-File Rule.**

"Absent an exception to the first-to-file rule, a court of second-filing will defer to a court of first-filing, if the two matters before them exhibit chronology, identity of parties, and similarity of issues." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) (citing *Alltrade*, 946 F.2d at 625-27). As the first-filed Court, the United States District Court for the Southern District of Florida is owed deference in this matter.

**A.     Chronology**

The Florida Case was filed before this matter. Hypower filed suit in the 17th Judicial Circuit Court in Broward County, Florida on May 4, 2012, and SunLink removed the suit to the Southern District of Florida on June 6, 2012. "[T]he filing of actions in coordinate jurisdictions [is what] invokes considerations of comity." *Pacesetter*, 678 F.2d at 96 n. 3. After the AAA rendered its decision, on February 6, 2014, SunLink notified the Florida court of the Arbitration Award, and invoked that court's jurisdiction again by

4

petitioning for confirmation of the Arbitration Award pursuant to 9 U.S.C. section 9. Hypower did not invoke the jurisdiction of this Court until it filed its Petition to Vacate in the Northern District of California on February 18, 2014. Put succinctly, the Southern District of Florida had the matter first and entertained a petition to confirm the Arbitration Award before this Court's jurisdiction was invoked.

### B. Identity of the Parties

Hypower and SunLink are the parties in both cases.

### C. Similarity of Issues

Both cases involve the underlying dispute and relate to the validity of the AAA's Arbitration Award. The primary difference between this case and the Florida Case is the relief sought by the parties. In the Southern District of Florida, SunLink seeks confirmation of the Arbitration Award whereas in the Northern District of California, Hypower seeks to vacate it. The first-to-file rule promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims. *Meru Networks*, 2010 WL 3464315, at *1; *see also Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (noting that one of comity's goals with respect to the first-to-file rule is "to avoid the embarrassment of conflicting judgments.") Here, the underlying issues and relief sought are not only sufficiently similar but are mutually exclusive. If this Court were to vacate the Arbitration Award and the Southern District of Florida were to confirm it, the exercise would not only be an inefficient expenditure of scarce judicial resources, but the result would be patently inconsistent decisions despite the best efforts of "courts of coordinate jurisdiction and equal rank." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). Accordingly, the Court finds that the Florida Case is the first-filed action for purposes of the first-to-file rule.

### D. Exceptional Circumstances

Notwithstanding an otherwise proper application of the first-to-file rule, a court has discretion not to apply the rule if certain equitable circumstances apply. *See Alltrade*, 946

5

1   F.2d at 627-28.  Such circumstances include bad faith, anticipatory suit, and forum
2   shopping.  *Id.* at 629.

3       Hypower's counsel candidly acknowledged during the hearing that the Court has
4   discretion to transfer the matter under the first-to-file rule, but argued that equitable
5   concerns counsel against such a transfer.  Here, there is an insufficient showing that either
6   party has engaged in bad faith or filed an anticipatory suit.  Hypower accuses SunLink of
7   forum shopping by seeking to confirm the Arbitration Award in Florida, given that
8   SunLink initially initiated arbitration in San Francisco, then vigorously resisted Hypower's
9   attempts to litigate in Florida, and eventually won the contest by convincing the Florida
10  court to compel arbitration in California.  While not thoroughly argued in the papers,
11  Hypower's counsel suggested at oral argument that SunLink is engaging in forum
12  shopping because the Fourth Circuit Court of Appeals has a more favorable standard of
13  review than the Ninth Circuit.  The parties, however, have identified no clear tactical
14  advantage that Hypower might gain by having this Court rather than the Florida court
15  confirm or vacate the Arbitration Award, and no such advantage is evident based on the
16  evidence in the record.  The Court therefore finds that there is an insufficient showing of
17  forum shopping.  Thus, none of the typical equitable circumstances that would counsel
18  against application of the first-to-file rule apply.  Long-recognized principles of comity
19  counsel federal district courts in this situation to "to exercise care to avoid interference
20  with each other's affairs."  *West Gulf Maritime Ass'n*, 751 F.2d at 728.  In light of the
21  above, the Court concludes that the first-to-file rule controls here.

23  **II.    Transfer Is Appropriate Under the First-to-File Rule.**

24      The Court exercises its discretion to transfer the matter to the Southern District of
25  Florida under the first-to-file rule.  Hypower raises several additional arguments in
26  opposition to transfer.  While these arguments were ably made, the Court is not persuaded
27  that Hypower's Petition to Vacate must be heard be heard in the Northern District of
28  California.  By way of statutory background, both this Court and the Southern District of

6

1   Florida have the authority to confirm or vacate the Arbitration Award.  Section 9 of the

2   Federal Arbitration Act ("FAA") provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, *and shall specify the court*, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9   9 U.S.C. § 9 (emphasis added).  Section 10 provides that any party to the arbitration may

10  make an application for an order vacating the award to "the United States court in and for

11  the district wherein the award was made" in certain enumerated circumstances.  9 U.S.C. §

12  10.  The Supreme Court has held that the venue provisions in sections 9-11 of the FAA are

13  "permissive, permitting [a motion to confirm, vacate or modify an arbitration to be

14  brought] either where the award was made or in any district proper under the general

15  venue statute . . . ."  *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195

16  (2000).  Thus, because venue is proper in both the Northern District of California and the

17  Southern District of Florida,[3] under the FAA and *Cortez*, either court has the power to

18  confirm or vacate the Arbitration Award here.  *Cf. Cortez,* 529 U.S. at 202 ("[T]he court

19  with the power to stay the action under [9 U.S.C.] § 3 has the further power to confirm any

20  ensuing arbitration award.") (citing *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275-

21  276 (1932)).

22       Here, the parties' various agreements do not specify that a petition to confirm or

---

[3] Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(1) because SunLink's principal place of business is in San Rafael, California and venue is proper in the Southern District of Florida because SunLink properly removed the Florida Case to that court under 28 U.S.C. § 1441.  A proper removal under 28 U.S.C. § 1441 from state court automatically satisfies federal venue requirements, provided that removal is to the district in which the state action was pending and the federal court has jurisdiction. *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

vacate an arbitration award be heard in a specific court, let alone this Court. In fact, the dispute resolution provision found operative by the Florida court when it compelled arbitration provides that "any judgment on the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction." Florida Case, Order Compelling Arbitration and Staying Action, Docket No. 30 at 3, 5. Hypower, however, contends that because the arbitration was held in San Francisco, California pursuant to the AAA forum-selection clause in the dispute resolution provision, the parties have consented to having a California court hear any petition to vacate because of California Code of Civil Procedure section 1293, which provides that parties arbitrating in California are deemed to have consented to the jurisdiction of California courts for enforcement of their arbitration awards. According to Hypower, section 1293, combined with the Supreme Court's recent decision in *Atlantic Marine*, which emphasized the primacy of valid forum-selection clauses, 134 S. Ct. at 581-82, indicates that the Petition to Vacate should be heard in the Northern District of California because the arbitration was held in San Francisco, California.

The Court, however, disagrees with this contention because consent to jurisdiction is not an exclusive grant of jurisdiction. Section 1293[4] does not mandate that if an arbitration occurs in California, only California courts, to the exclusion of all other courts, may enforce and enter arbitration awards arising therefrom. While the Court has no doubt that section 1293 is enforceable, the Court does not read section 1293 to abrogate the first-to-file rule where section 10 of the FAA mandates that any federal district court where venue is proper may hear a petition to vacate an arbitration award. 9 U.S.C. § 10; *Cortez*, 529 U.S. at 195. Rather, section 1293 provides that if parties contract for an arbitration to be held in California, a challenge to the jurisdiction of the California state courts to enforce

---

[4] Section 1293 states that "[t]he making of an agreement in this State providing for arbitration to be had within this State shall be deemed a consent of the parties thereto to the jurisdiction of the courts of this State to enforce such agreement by the making of any orders provided for in this title and by entering of judgment on an award under the agreement." Cal. Code Civ. P. § 1293.

8

or enter judgment on the award would fail because the parties would be deemed to have consented to the California state court's jurisdiction; it does not strip federal courts sitting in diversity of the jurisdiction to enter judgment upon an award rendered from an arbitration performed in California.

The lynchpin of Hypower's opposition to the transfer stems from Hypower's reading of *Vulcan Chemical Technologies, Inc. v. Barker* ("*Vulcan*"), 297 F.3d 332, 339 (4th Cir. 2002). During oral argument, Hypower's counsel suggested that it would be an abuse of discretion to transfer the matter to the Southern District of Florida in light of *Vulcan*, which Hypower contends provides persuasive authority that the equities here tip in favor of this Court refraining from exercising its discretion to transfer under the first-to-file rule. The Court disagrees, and explains its reasoning.

In *Vulcan*, after business relations between a distributor and Vulcan Chemical soured, the distributor sued Vulcan Chemical in California state court for breach of contract and related claims, and joined Vulcan Materials as an alter ego. Consistent with the distribution agreement – which provided for final and binding arbitration to take place in Sacramento, California, or a mutually acceptable location in California, upon any dispute or claim arising out of or relation to the distribution agreement – both Vulcan Chemical and Vulcan Materials (collectively, "Vulcan") moved to compel arbitration under the arbitration clause and the California Arbitration Act in California state court. The distributor resisted the motion on the ground that Vulcan Material was not a party to the arbitration agreement, but Vulcan Material agreed to be bound by the arbitrator's decision. Based on Vulcan Material's agreement to be bound, the California state court granted Vulcan's motion to compel arbitration and stayed court proceedings "pending completion of arbitration." The arbitrator rendered an award in favor of the distributor. Two days later, Vulcan commenced an independent action to vacate the arbitrator's award under Section 10 of the FAA in the federal district court in the Western District of Virginia. During the same period, after waiting the 15-day period required by California law, the distributor filed a motion in the California state court to confirm the arbitration

award. Vulcan filed a motion in California state court to vacate the arbitration award. The distributor moved to stay, abstain, or dismiss Vulcan's petition to vacate in the Virginia district court, but that court enjoined the distributor from pursuing the California litigation. After the Fourth Circuit reversed that injunction, the California state court confirmed the arbitration award, and Vulcan appealed that decision. Two months later, the Virginia district court vacated the arbitration award that had been confirmed by the California state court.

The Fourth Circuit on appeal reversed the Virginia district court's vacatur on two grounds. First, the Fourth Circuit held that the district court erred in not enforcing Vulcan's election to pursue binding arbitration in California, to which it agreed, and "willingly initiated enforcement of its agreement under the supervision of the California state courts." *Id*. at 340. Central to this holding was recognition that Vulcan – the party seeking to vacate the award in an independent federal proceeding in Virginia – had first invoked the jurisdiction of the California state court when it moved to compel arbitration in California, "elect[ing] to use a California forum for arbitration" and "inherently agree[ing] to use the California state court system as its forum for sorting out the effect of the arbitration." *Id*. at 339. Moreover, the California state court there, when it compelled arbitration, stayed further proceedings until completion of the arbitration. *Id*. The Court concluded that having elected, enforced, and implemented the arbitration clause in California, Vulcan "should not be permitted to renege on its agreements now that it has lost in that proceeding." *Id*. Second, the Fourth Circuit held that the district court abused its discretion by not abstaining under *Colorado River* abstention where the state court had entered judgment on the exact issue to be considered by the federal court. *Id*. at 343-44.

Hypower contends that SunLink, like Vulcan, (1) opposed a forum-selection clause by its opponent (forum in Broward County, Florida) based on a rival forum-selection clause (AAA arbitration in San Francisco); (2) prevailed in that argument (before the Southern District of Florida after SunLink removed the case); (3) arbitrated to victory in California, and now cannot "renege" on its position advocating for a California forum and

10

California law in favor of a different forum to enforce the award (the Southern District of Florida). Opp'n at 5-6. Thus, Hypower argues that the Northern District of California should hear the Petition to Vacate.

The Court reads *Vulcan* differently. First, because the distributor there initiated the action in California state court, and Vulcan Material specifically agreed to and "willingly initiated enforcement of its agreement under the supervision of the California state courts," the "California case was first-filed." *Id*. at 342. This consideration weighed in favor of the Fourth Circuit's determination that Vulcan elected to use a California forum for arbitration and "inherently agreed to use the California state court system as its forum for sorting out the effect of the arbitration." *Id*. at 339. This presumption does not apply in the present case. While SunLink initiated arbitration in California, Hypower filed the first action in Broward County, Florida, which SunLink removed to the Southern District of Florida. The Florida court is thus the first-filed court that compelled arbitration, procedurally resembling the position of the California state court in *Vulcan*. Moreover, like the California state court that stayed the arbitration pending completion of the proceedings, the Florida court here stayed proceedings pending settlement or resolution of the arbitration. Thus, Hypower's posture here actually resembles Vulcan's: it actively sought to vacate an award in a new forum while confirmation of the same award was pending before another court that had already compelled arbitration and stayed the action (here, SunLink's petition to confirm is currently pending in the Southern District of Florida). Importantly, the Fourth Circuit also held that that the district court in *Vulcan* abused its discretion when it failed to abstain under *Colorado River* abstention from entering judgment on the exact issue already decided by the state court. *Id*. at 340-43. The federal-state comity principles that underlie *Colorado River* abstention are similar to the comity principles that inform the Court's first-to-file analysis and counsel this Court to defer to the Florida court. While facially similar, the Court finds that *Vulcan* – which is non-controlling, out-of-circuit authority – is distinguishable and does not require that this Court hear Hypower's Petition to Vacate. Neither section 1293 nor *Vulcan* persuades the Court that transferring this

11


matter to the Southern District of Florida would be inappropriate.

Lastly, the Court disagrees that *Atlantic Marine* prevents transfer of this case to the Southern District of Florida. *Atlantic Marine* held, *inter alia*, that in the presence of a valid forum-selection clause, district courts "adjust" their usual transfer analysis under 28 U.S.C. § 1404(a) by finding that the plaintiff's choice of forum merits no weight, by not considering arguments about the parties private interests, and by considering arguments about public-interest factors only, such that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." 134 S. Ct. at 581-82.

The parties do not cite, and the Court has been unable to find, any authority suggesting that *Atlantic Marine* abrogates the first-to-file doctrine in the context of confirming or vacating arbitration awards. Additionally, the Court is not persuaded that *Atlantic Marine*'s 28 U.SC. § 1404(a) adjusted analysis dictates that transfer pursuant to comity principles such as the first-to-file doctrine would be inappropriate. In *Pacesetter*, the Ninth Circuit rejected the argument that the district court in the second-filed action was required to "give consideration to the same factors as it would under motions to transfer brought pursuant to 28 U.S.C. § 1404(a). . . . [N]ormally the forum non conveniens argument should be addressed to the court in the first-filed action. . . . The court in the second-filed action is not required to duplicate this inquiry . . . ." 678 F.2d 93 at 96-97. Because nothing in the parties' forum-selection clause requires this Court to hear a petition to confirm or vacate the Arbitration Award, and *Pacesetter* and *Atlantic Marine* emphasize the importance of the public-interest factors, to the extent *Atlantic Marine* controls in the context of the first-to-file rule, the Court finds that the first-to-file rule is a compelling public-interest factor that weighs in favor of transfer to the Southern District of Florida under § 1404(a). Thus, the Court rejects Hypower's argument that transfer here is inappropriate. As the Court in the second-filed case, the Court exercises its discretion to TRANSFER the matter to the Southern District of Florida under the first-to-file rule.

//

//

**CONCLUSION**

For the foregoing reasons, the Court GRANTS SunLink's motion to TRANSFER this case to the Southern District of Florida. The Clerk is directed to close the case file.

**IT IS SO ORDERED.**

Dated:   04/21/14                       _____
                                        THELTON E. HENDERSON
                                        United States District Judge